IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRAVIS L. SMILEY, ) | |
| ) | |
| Plaintiff, ) | No. 3:14-cv-00454 |
| ) | Judge Nixon |
| v. ) | Magistrate Judge Brown |
| ) | |
| CUMBERLAND MACHINE CO., INC., ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Travis L. Smiley's Motion to Remand and for Award of Attorneys' Fees ("Motion"). (Doc. No. 5.) Defendant Cumberland Machine Co., Inc. filed a Response in Opposition to Plaintiff's Motion. (Doc. No. 6.) For the reasons stated below, Plaintiff's Motion is **GRANTED**.

I. BACKGROUND

Plaintiff filed his Complaint in the Chancery Court for Rutherford County, Tennessee, on January 27, 2014, alleging disability discrimination "[i]n [v]iolation of Tennessee [l]aw." (Doc. No. 1-1 at 6.) Though he failed to specify the particular statute he alleges Defendant violated, Plaintiff cited Tenn. Code Ann. § 4-21-311 as the statute providing the Chancery Court jurisdiction to hear the case. (Id. ¶ 3.) Section 4-21-311 grants a civil cause of action in Tennessee chancery or circuit court for violations of the Tennessee Human Rights Act ("THRA"), codified at Chapter 21 of the Tennessee Code Annotated. Plaintiff alleges that he was employed by Defendant as a millwright from September 15, 1989, until his discharge on May 28, 2013,[1] allegedly "because of his disability and/or perceived disability." (Id. ¶ 11.)

---

[1] In its Answer, Defendant "affirmatively states that the dates of employment are accurate; however, the position held by the Plaintiff was 'machinist.'" (Doc. No. 7 ¶ 4.)

1

On February 13, 2014, Defendant removed the action to this Court based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331, arguing that because the state statute cited by Plaintiff does not specifically prohibit discrimination based on disability, "Defendant is lead to believe that Plaintiff's claims arise under the Americans with Disabilities Act," ("ADA") codified at 42 U.S.C. § 12112 (2012). (Doc. No. 1 ¶ 13.)

On February 14, 2014, Plaintiff filed a Motion to Remand and for Award of Attorneys' Fees. (Doc. No. 5.) On February 20, 2013, Defendant filed a Response in Opposition to Plaintiff's Motion. (Doc. No. 6.)

## II. Legal Standard

A federal district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case. 28 U.S.C. § 1447(c) (2012). The defendant seeking to remove a case to federal court bears the burden of proving that jurisdiction is proper, and all doubts as to the propriety of removal are to be resolved in favor of remand. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948–49 (6th Cir. 1994).

Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2012). Pursuant to the well-pleaded complaint rule, where there is no diversity of citizenship "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," and the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## III. Analysis

Plaintiff argues that the case should be remanded because under the well-pleaded complaint rule, a federal court will only have jurisdiction when a federal question is present on

2

the face of the plaintiff's complaint. (Doc. No. 5 at 2–3.) Because Plaintiff only asserted a violation of Tennessee law under Tenn. Code Ann. § 4-21-311, he argues that he did not raise a federal question in his Complaint. (*Id.*) Therefore, Plaintiff contends, there was no basis for removal, and the action should be remanded. (*Id.*)

Defendant responds that Plaintiff's Complaint did not plead a specific cause of action under Tennessee law. (Doc. No. 6 at 1–3.) According to Defendant, pursuant to the Tennessee Rules of Civil Procedure, a plaintiff must cite the specific statute the defendant allegedly violated in the complaint. (*Id.*) Here, the statute cited in the Complaint—Tenn. Code Ann. § 4-21-311—is a jurisdictional statute that states "[a]ny person injured by any act in violation of this chapter shall have a civil cause of action." (*Id.*) However, Defendant points out that the THRA does not prohibit discrimination based on disability. (*Id.*; Doc. No. 1 ¶ 11.) Therefore, Defendant argues, an objectively reasonable person reading Plaintiff's Complaint would construe it as a federal claim under the Americans with Disabilities Act ("ADA"). (Doc. No. 6 at 2–3; Doc. No. 1 ¶ 13.) Defendant cites one unpublished opinion from the Eastern District of Tennessee, *Totherow v. Cent. Transp. Int'l, Inc.*, No. 1:05-cv-126, 2005 WL 4755219 (E.D. Tenn. Oct. 3, 2005) as support for its conclusion. (Doc. No. 6 at 1–3; Doc. No. 1 ¶¶ 2, 12–15.)

Under the well-pleaded complaint rule, "the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander*, 13 F.3d at 943. There are, however, three exceptions to the rule, whereby a defendant may force a plaintiff into federal court despite a plaintiff's clear desire to proceed in state court: (1) the complete-preemption doctrine, which permits removal when a federal statute "wholly displaces"

3

the state-law cause of action; (2) the substantial-federal-question doctrine which applies when the determination of a plaintiff's rights under state law necessarily depends on the "construction of federal law"; and (3) the artful-pleading doctrine, which prohibits a plaintiff from avoiding federal jurisdiction by carefully drafting the complaint to avoid naming a federal statute when the claim is essentially federal in nature. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (internal quotation marks omitted).

Here, there is no dispute that the Complaint fails to reference any federal law on its face. Additionally, Defendant does not assert that the ADA preempts Plaintiff's state-law cause of action or that Plaintiff's state-law claims necessarily depend on a substantial issue of federal law. Thus, it appears to the Court that Defendant is attempting to invoke the third exception to the well-pleaded complaint rule. While Defendant's argument is creative, the Court finds Plaintiff's citation to the THRA jurisdictional provision satisfies any question as to what law Plaintiff sought to bring this case under. Plaintiff explicitly stated a claim for disability discrimination "[i]n [v]iolation of Tennessee [l]aw," and cited the THRA, Tenn. Code Ann. § 4-21-311. While Plaintiff's Complaint references only the jurisdictional statute and not the substantive statute he alleges Defendant violated, it does not appear that Plaintiff artfully drafted his Complaint to avoid naming the ADA as the language used in the Complaint specifically states Plaintiff's intention to proceed under Tennessee law. While the THRA does not prohibit discrimination based on disability, the Tennessee Disability Act[2] ("TDA"), Tenn. Code Ann. §§ 8-50-103 to 8-50-104, does prohibit disability discrimination. *Id.* § 8-50-103(b). The TDA further states that the Tennessee human rights commission "shall follow the procedure and exercise the powers and duties provided in §§ 4-21-302 – 4-21-311, and [any person claiming to be aggrieved by a discriminatory practice prohibited by this section] shall have all rights provided therein." *Id.* § 8-

---

[2] This statute is also referred to as the "Tennessee Handicap Act."

4

50-103(c)(2). Therefore, the TDA works in conjunction with the THRA to provide a cause of action for disability discrimination. *Perlberg v. Brencor Asset Mgmt.*, 63 S.W.3d 390, 394 (Tenn. Ct. App. 2001).

While technically separate exceptions to the well-pleaded complaint rule, the Sixth Circuit has noted the artful pleading and complete preemption doctrines are "closely aligned." *Mikulski*, 501 F.3d at 561; *see also Caterpillar*, 482 U.S. at 397 n.11 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 410 n.6 (Brennan, J., dissenting)) ("Although occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization, most of them correctly confine this practice to areas of the law pre-empted by federal substantive law.") (internal quotation marks and ellipsis omitted). As a sister district court has explained, "artful pleading is found only when a 'well-pleaded' complaint would have raised a federal question because the state law cause of action for the injury has been preempted by federal law." *Landers v. Morgan Asset Mgmt.*, No. 08-2260, 2009 WL 962689, *4 (W.D. Tenn. Mar. 31, 2009). As previously explained, Defendant has failed to present any argument as to why Plaintiff's claims would be preempted by federal law. Additionally, Defendant has failed to show Plaintiff's alleged state law disability claims are "essential federal" in given that there is an analogous state statute that provides Plaintiff with a cause of action. *See Mikulski*, 501 F.3d at 560–61. Although Plaintiff did not cite to the TDA explicitly, it is clear from his Complaint that he intended to state a cause of action under Tennessee law for discrimination based on a physical or mental disability.

The case Defendant cites in support of removal, *Totherow*, 2005 WL 4755219, is factually distinct from the case at hand. In *Totherow*, the plaintiff did not plead a cause of action under state *or* federal law, merely making a claim for "$(?)14,866.55 for Damage to kiosks,

shipping charges and storage." *Id.* at *1. The court found the plaintiff failed to take advantage of the well-pleaded complaint doctrine because the complaint did not allege a "well-pleaded cause of action based exclusively on Tennessee law." *Id.* at *4. Instead, the court determined an objectively reasonable person could construe the plaintiff's complaint as asserting a claim under the Carmack Amendment, 49 U.S.C. § 14706, and thus the plaintiff pled a federal cause of action whether or not he intended to do so. *Id.* Unlike the complaint in *Totherow*, however, Plaintiff's Complaint here did plead a cause of action predicated exclusively on state law. *Id.* Further, the *Totherow* court explained 49 U.S.C. § 14706 provided the plaintiff's "exclusive remedy against the defendant" under the facts alleged, *id.* at *5; by contrast here, the TDA also provides the remedy Plaintiff seeks.

Because none of the exceptions to the well-pleaded complaint rule apply here and Plaintiff invoked the well-pleaded complaint rule by exclusively relying on a state law cause of action, the Court will not re-characterize Plaintiff's Complaint as arising under federal law. Accordingly, Plaintiff's request for remand is **GRANTED**.

### IV.     REQUEST FOR ATTORNEY'S FEES

Pursuant to 28 U.S.C. § 1447(c), if a federal court remands a case, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While the statute does not, by its own terms, specify when a grant of such costs and fees is appropriate , the Supreme Court has since set forth a standard to guide courts in determining whether to grant attorney's fees in such situations: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141

(2005). In assessing fee awards, courts are to consider § 1447(c)'s purpose of discouraging delay of litigation and imposition of extraneous costs on the plaintiff. *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008) (citing *Martin*, 546 U.S. at 140).

Because Plaintiff's Complaint does not mention a federal law, states his claim is for "[v]iolation of Tennessee [l]aw," and explicitly cites the THRA jurisdictional provision, it is clear he did not raise a federal question under an "objectively reasonable" reading. Therefore, the Court finds Plaintiff's request for attorney's fees should be **GRANTED**.

V. **CONCLUSION**

For the reasons given above, Plaintiff's Motion is **GRANTED**: the Court hereby **REMANDS** this action to the Chancery Court for Rutherford County and determines Plaintiff is entitled to an award of attorney's fees. The Court **DIRECTS** Plaintiff to file documentation of the reasonable attorney's fees incurred as a result of the removal of this case, including litigating the instant Motion to Remand, to which Defendant shall have fourteen days to respond.

It is so **ORDERED**.

Entered this 7 day of July 2014.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

7